**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| BRIAN HEYMANN and STEVE SWCHWARTZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENNAR HOMES, LLC, LEN-CG SOUTH, LLC, LEN OT HOLDINGS, LLC, and LENNAR CORPORATION,<br><br>Defendants. | CLASS REPRESENTATION<br><br>Case No. 6:25-cv-00466-PGB-UAM |

**DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendants LENNAR HOMES, LLC ("LENNAR HOMES"), LEN-CG SOUTH, LLC ("LEN-CG"), LEN OT HOLDINGS, LLC ("LEN OT"), and LENNAR CORPORATION (collectively, "Defendants"), pursuant to Rules 8 and 10(b) of the Federal Rules of Civil Procedure, move to dismiss Plaintiffs BRIAN HEYMANN's and STEVE SCHWARZ's class action complaint as an impermissible shotgun pleading.[1]

---

[1] Defendants do not waive their right to move to compel arbitration by challenging Plaintiffs' failure to assert a cognizable claim here.

139323087.1

**I.     BACKGROUND**

On December 31, 2024, Plaintiffs filed this action in the Circuit Court of the Ninth Judicial Circuit, Osceola County (Dkt. 1-1). Their complaint alleged three counts: (1) injunctive relief prohibiting future profit from Club Membership Fee, (2) equitable relief and damages for violation of § 720.308, Fla. Stat. ("HOA Act"), and (3) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Dkt. 1-1 at 10-14).

Plaintiffs filed this action in their individual capacity and on behalf of "[a]ll persons who are currently or were previously a mandatory member of the Oasis Club in ChampionsGate and who have paid or been obligated to pay a Club Membership Fee under the Oasis Club Plan" (Dkt. 1-1 at ¶ 35). On March 17, 2025, Defendants removed this action to federal court pursuant to the Class Action Fairness Act of 2005 (Dkt. 1-3).

**A. Relevant Facts**

The heart of Plaintiffs' lawsuit is the Oasis Club located within ChampionsGate in Orlando, Florida. ChampionsGate contains multiple communities—e.g., The Country Club, The Retreat, The Estates, The Champions Club, Bella Trae, The Fountains, and The Vistas—which contain various amenities. *See* https://championsgaterealestate.com/communities/ (last visited April 9, 2025). One such amenity is the Oasis Club. The Oasis Club is a resort-style clubhouse with a full-service restaurant, fitness center, business center, movie

theater, arcade room, volleyball and tennis courts, swimming pool, and water park amenities. *See* https://www.oasisclubcg.com/ (last visited April 9, 2025).

On April 4, 2013, LEN-CG recorded the Master Declaration for ChampionsGate (Dkt. 1-1 at 17). The Master Declaration included among its exhibits (namely, Exhibit E) the Oasis Club Plan (Dkt. 1-1 at 17, 97-167). LEN-CG is the developer of ChampionsGate and the owner of the Oasis Club (Dkt. 1-1 at 18, 99). Under the Oasis Club Plan, ChampionsGate homeowners are required to pay Club Dues in exchange for the use and enjoyment of the club (Dkt. 1-1 at 105).

### B. **Plaintiffs' Allegations**

Plaintiffs allege that collection of the Club Membership Fee component of Club Dues violates the HOA Act and FDUTPA. The complaint appears to allege Counts 1-3 against all four Defendants—LEN-CG, LEN OT, Lennar Homes, and Lennar Corporation—collectively. The complaint is deficient in this regard because it lumps all four Defendants together and fails to specify which Defendants are responsible for which acts or omissions.

Under Count 1 (injunctive relief prohibiting future profit from Club Membership Fee), Plaintiffs allege the following:

- "The defendants are imposing and collecting the Club Membership Fee as an 'assessment' under the [HOA Act]" (Dkt. 1-1 at ¶ 55).

- Plaintiffs have a right "to prohibit the defendants from profiting by collecting the Club Membership Fee…" (Dkt. 1-1 at ¶ 56).

- Plaintiffs will suffer irreparable harm by "the defendants" profiting from Club Membership Fees… (Dkt 1-1 at ¶ 57).

- Plaintiffs are entitled to fees and costs "for obtaining declaratory relief regarding the defendants' unfair practice of profiting from the Club Fee Scheme…" (Dkt. 1-1 at ¶ 59).

Under Count 2 (equitable relief and damages for violation of the HOA Act), Plaintiffs allege the following:

- "The defendants have imposed and collected the Club Membership Fee…" (Dkt. 1-1 at ¶ 62).

- "The defendants have profited from the collection of the Club Membership Fee…" (Dkt. 1-1 at ¶ 63).

- "The defendants should be required to provide the plaintiffs and the class with an accounting…" (Dkt. 1-1 at ¶ 65).

Under Count 3 (violation of FDUTPA), Plaintiffs allege the following:

- "Defendants' inclusion of the Club Plan in the ChampionsGate Association's governing documents was an unfair practice…" (Dkt. 1-1 at ¶ 71).

- "Defendants' violation of the [FDUTPA] have caused damages to Plaintiffs and the class" (Dkt. 1-1 at ¶ 74).

Furthermore, in the introductory paragraph of the complaint, Plaintiffs refer to Defendants Lennar Homes, LEN-CG, LEN OT, and Lennar Corporation collectively as the "Lennar Controlled Entities." Dkt. 1-1 at 1. In multiple instances throughout the complaint, Plaintiffs refer to the "Lennar Controlled Entities" or "defendants" plural, without specifying which Defendant(s) are responsible for specific acts or omissions. For example, Plaintiffs allege:

- The "Lennar Controlled Entities" developed a residential community in which it subjected home purchasers … to perpetual assessments for club membership fees" (Dkt. 1-1 at ¶ 1).

- The "Lennar Controlled Entities … collect[ed] the club membership fees as pure profit" (Dkt. 1-1 at ¶ 2).

139323087.1

- The "Lennar Controlled Entities have taken the illegal profits from this club fee scheme" (Dkt. 1-1 at ¶ 4).

- The "defendants took advantage of the [HOA Act] and the ChampionsGate Association" to enforce the Oasis Club Plan, impose and collect assessments for Club Membership Fees, and record liens and file foreclosures (Dkt. 1-1 at ¶ 24).

In sum, Plaintiff's complaint is deficient because it fails to give Defendants adequate notice of the claims against them and the grounds supporting each claim. The complaint should be dismissed as an impermissible shotgun pleading.

## II.  LEGAL STANDARD

To comply with the federal pleading standards, a plaintiff must provide "a short and plain statement" of his claims showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Each claim must be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A shotgun pleading is a complaint that violates either Rule 8(a)(2) or Rule 10(b), or both, of the Federal Rules of Civil Procedure. *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F. 3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts

> but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id*. at 1321-22 (footnotes omitted). The common thread in all four types of shotgun pleadings is the failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

"When faced with a shotgun pleading, a district court must <u>sua sponte</u> give the plaintiff at least one change to replead a more definite statement of her claims before dismissing her case with prejudice." *Embree*, 779 F. App'x at 662. If the amended complaint is still deficient, it may be subject to dismissal. *Id*.

### III.    ARGUMENT

Plaintiffs' complaint falls squarely within the fourth category of shotgun pleadings identified by the Eleventh Circuit because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F. 3d at 1323.

In the introductory paragraph of the complaint, Plaintiffs collectively refer to Defendants Lennar Homes, LEN-CG, LEN OT, and Lennar Corporation as the "Lennar Controlled Entities." Dkt. 1-1 at 1. In multiple instances throughout the

6

139323087.1

complaint, Plaintiffs lump all four Defendants together and make broad, generalized allegations regarding the "Lennar Controlled Entities" or "defendants" plural. *See supra* Section B. This constitutes an impermissible shotgun pleading because it fails to attribute specific wrongdoing to each Defendant. *See Embree v. Wyndham Worldwide Corp.*, 2018 WL 3943045, *3 (M.D. Fla. Aug. 16, 2018) (Byron, J.), *aff'd*, 779 F. App'x 658 (11th Cir. 2019) (dismissing a second amended complaint because it lacks "allegations of specific wrongdoing as to each Defendant and instead lumps multiple Defendants together without sufficient basis").

Moreover, under Counts 1-3 of the complaint, it is unclear which counts are asserted against which Defendant(s). Plaintiffs make multiple references to "defendants" in the numbered paragraphs under each count, *see supra* Section B, but Defendants are left to guess whether the plural use of "defendants" means all four Defendants collectively, or some subset of the four Defendants. This lack of specificity is unacceptable. *See Embree*, 2018 WL 3943045, *3 ("Defendants are left with the unenviable task of sorting through each factual allegation in the [complaint] in a futile attempt to discern what allegations are alleged against them."). The manner in which Plaintiffs have alleged Counts 1-3 deprives Defendants of "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323; *Nolen v. Wyndham Vacation Resorts*, 2020 WL 10459468, *1 (M.D. Fla. Sept. 10, 2020) (Byron, J.).

Plaintiffs premise their claims on the allegations that they were charged improper fees. They can easily identify the entities who issued those fees and the

7

139323087.1

claims they assert based on them. Plaintiffs should not be permitted to assert claims against entities that have nothing to do with the fees by hiding behind the generalized shotgun pleading here. Because the complaint fails to specify which acts or omissions are attributable to which Defendants, or which Defendants each claim is brought against, it qualifies as a shotgun pleading and is due to be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court should dismiss the complaint as an impermissible shotgun pleading.

WHEREFORE, Defendants respectfully request that the Court enter an Order dismissing Plaintiffs' complaint and granting such further relief as the Court deems proper.

## Local Rule 3.01(g) Certification

Defense counsel conferred with Plaintiffs' counsel via telephone on April 28, 2025. The parties disagree on the resolution of all parts of this motion, and Plaintiffs oppose the requested relief.

Respectfully submitted,

*/s/Kevin P. McCoy*
Kevin P. McCoy (FBN 36225)
LEAD TRIAL COUNSEL
D. Matthew Allen (FBN 866326)
Alicia Whiting Bozich (FBN 88883)
Kai Donner (FBN 1018977)
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd., Ste. 1000

Tampa, FL 33607
Phone: 813-223-7000
Fax: 813-229-4133
Email:
kmccoy@carltonfields.com
mallen@carltonfields.com
awhiting@carltonfields.com
kdonner@carltonfields.com
zishmail@carltonfields.com
bwoolard@carltonfields.com
maguilar@carltonfields.com

*Counsel for Defendants*