# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| BRIAN HEYMANN and STEVE SCHWARZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENNAR HOMES, LLC, LEN-CG SOUTH, LLC, LEN OT HOLDINGS, LLC, and LENNAR CORPORATION,<br><br>Defendants. | CLASS REPRESENTATION<br><br>Case No. 6:25-cv-00466-PGB-UAM |

## DEFENDANTS' TIME-SENSITIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR REMAND AND FOR EXPEDITED DISCOVERY ON PLAINTIFFS' CITIZENSHIP ANALYSIS

Defendants LENNAR HOMES, LLC ("LENNAR HOMES"), LEN-CG SOUTH, LLC ("LEN-CG"), LEN OT HOLDINGS, LLC ("LEN OT"), and LENNAR CORPORATION ("LENNAR CORP.") (collectively, "Defendants"), pursuant to Rules 6(b) and 34 of the Federal Rules of Civil Procedure, request that the Court grant Defendants (1) an extension of time up to and including September 29, 2025 to respond to Plaintiffs' Motion for Remand (Doc. 57) and (2) leave to serve expedited requests for production to obtain the data underlying Plaintiffs' expert's citizenship analysis supporting their motion for remand.

## **INTRODUCTION**

Upon a preliminary review of Plaintiffs' motion for remand and supporting exhibits, Defendants have identified multiple flaws and areas of concern in Plaintiffs' expert's analysis of the citizenship of the putative class members. Defendants reasonably believe that Plaintiffs' citizenship numbers are inflated, resulting primarily from false factual assumptions and an unreliable interpretation of the data.

As a result, Defendants have retained an expert statistician to evaluate Plaintiffs' expert's methodologies and conclusions regarding the data and the citizenship of potential class members. Defendants' expert has advised that he (1) must review the underlying data that Plaintiffs' expert claims to have relied upon—produced in native format—to attempt to verify Plaintiffs' assertions regarding the potential class members' citizenship and (2) requires a minimum of another forty-five days to review Plaintiffs' expert's work. Accordingly, Defendants respectfully request that the Court grant them (1) leave to serve expedited discovery to obtain the underlying data and information on which Plaintiffs' expert relied and order Plaintiffs to respond to that discovery no later than August 15, 2025 and (2) an extension of time up to and including September 29, 2025 to respond to the motion for remand so that Defendants' expert can complete his rebuttal analysis.

This motion is designated as time-sensitive because, absent the expedited discovery and requested extension of time, Defendants' response to the motion for remand is presently due August 15, 2025. Given the volume of data at issue and

the standard response time for requests for production of documents, there is insufficient time for Defendants' expert to obtain the necessary data and information and complete his rebuttal analysis before Defendants' response would be due in the normal course.

## **BACKGROUND**

On December 31, 2024, Plaintiffs filed this action in the Circuit Court of the Ninth Judicial Circuit, Osceola County, alleging three counts: (1) injunctive relief prohibiting future profit from Club Membership Fee; (2) equitable relief and damages for violation of § 720.308, Fla. Stat.; and (3) violation of the Florida Deceptive and Unfair Trade Practices Act. (Doc. 1-1 at 10-14).

On March 17, 2025, Defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. (Doc. 1).

On April 11, 2025, Plaintiffs filed a Motion for Extension of Time to file their motion for remand (Doc. 21). In that motion, they requested an extension until July 15, 2025—nearly four months after Defendants removed this action—to file their motion for remand. They also requested leave to conduct expedited discovery on the issue of remand. (Doc. 21). The Court granted the extension and granted leave to conduct discovery regarding the remand issues on an expedited basis. (Doc. 31).

On July 8, 2025, Plaintiffs sought another extension of time to file their motion for remand. (Doc. 46). Plaintiffs argued they were waiting on voter

3

registration records from the State of Florida needed to conduct their citizenship analysis, and they requested an extension until August 15, 2025. (Doc. 46). The Court granted in part Plaintiffs' motion, granting an extension until August 1, 2025 to file the motion for remand. (Doc. 52).

On August 1, 2025, Plaintiffs filed their motion for remand, arguing that the Court should remand this case under CAFA's discretionary exception. (Doc. 57). Plaintiffs assert that 3,483 of the 5,286 putative class members (or 65.9%) are Florida citizens. (Doc. 57 at 5). Plaintiffs filed two declarations from expert Adam Sharp of E-Hounds Inc., who analyzed the data to determine citizenship of the putative class. (Doc. 57-2 and 57-5). Attached to Mr. Sharp's first declaration, dated July 15, 2025, is a 77-page PDF spreadsheet summarizing the results of his analysis. (Doc. 57-2; *see* Doc. 57-3). Attached to Mr. Sharp's supplemental declaration, dated July 30, 2025, is a 54-page PDF spreadsheet "showing current homeowner putative class members who are natural persons" updated to show matches with Florida voter registration records. (Doc. 57-5; *see* Doc. 57-7). Because Plaintiffs filed spreadsheets in PDF form, it is not feasible for Defendants to convert those spreadsheets to useable native Microsoft Excel files and analyze the information therein.

Nevertheless, Defendants have found several examples of errors and inconsistencies in Mr. Sharp's analysis of the putative class members' citizenship, which leads Defendants to reasonably believe that Plaintiffs' citizenship numbers are inaccurate and inflated. Defendants have retained an expert statistician to

evaluate Mr. Sharp's analysis. Defendants' expert has indicated that he needs Mr. Sharp's underlying data (in native format) that he relied upon to attempt to verify Mr. Sharp's analysis and resulting calculations. Defendants request, therefore, an extension of time to respond to Plaintiffs' motion for remand and leave to conduct expedited discovery on the issue of Plaintiffs' citizenship analysis.

Granting the requested relief will allow Defendants a sufficient opportunity to complete expedited limited discovery, review the data and information on which Plaintiffs' expert relied, and rebut Plaintiffs' expert's methodologies and conclusions. The relief requested herein is not sought for purposes of delay and Defendants and their expert have worked diligently to evaluate Plaintiffs' remand arguments and analysis since it was filed three business days ago.

## **MEMORANDUM OF LAW**

### 1. **Good Cause Exists to Grant Defendants an Extension of Time.**

Federal Rule of Civil Procedure 6(b) provides that a court may, for good cause, upon motion by a party or in its discretion, extend the time period in which an act must be done. Fed. R. Civ. P. 6(b)(1). Defendants' current deadline to respond to Plaintiffs' motion for remand is August 15, 2025. *See* Local Rule 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion.").

Defendants and their expert need additional time to formulate their opposition to Plaintiffs' motion for remand based on what appear to be fundamental flaws and inaccuracies in the work of Plaintiffs' expert. Defendants

have begun analyzing the information relied upon by Mr. Sharp in his analysis and have already found several examples in which Mr. Sharp's information is inconsistent with or unsupported by the public records. Good cause exists to grant an extension because it will allow Defendants a more fulsome opportunity to evaluate the accuracy of Mr. Sharp's analysis and explain any concerns to the Court. Defendants' expert has advised that fourteen days is not enough to do the work that is needed and a minimum of forty-five additional days is required.

Plaintiffs have had well over **four months** to conduct their analysis of the putative class. Under the current deadline, however, Defendants will have only fourteen days to evaluate Plaintiffs' expert's work and respond. Defendants' current deadline of August 15 presents an unfair time constraint, especially given the volume of data at issue and Defendants' need to review the raw, underlying data Mr. Sharp used to reach the conclusions Plaintiffs rely upon in their motion for remand. No party will be prejudiced by the extension requested in this motion and the extension is not being sought for purposes of delay.

### 2. Defendants Must Conduct Expedited Discovery to Evaluate Plaintiffs' Expert's Analysis.

"The Court utilizes a good cause standard to determine whether expedited discovery should be permitted." *Thyssenkrupp Elevator Corp. v. Hubbard*, 2013 WL 1953346, *1 (M.D. Fla. May 10, 2013); *see also Fed. Trade Comm'n v. On Point Glob. LLC*, 2020 WL 32996, *1 (S.D. Fla. Jan. 2, 2020) (stating that "many district courts within the Eleventh Circuit have expressly used a general good cause

standard when confronted with expedited discovery requests"); *Nassau Terminals, Inc. v. M/V BERING SEA*, 1999 WL 1293476, *1 (M.D. Fla. July 1, 1999) (stating that the moving party "must show good cause for departing from the usual discovery procedures"). Courts consider various factors in deciding whether a party has shown good cause, including: (1) whether a preliminary injunction motion is pending; (2) the breadth of the requested expedited discovery; (3) the reasons for requesting the discovery; (4) the burden on the opposing party to comply with the discovery; and (5) how far in advance of the usual discovery process the request is made. *Thyssenkrupp*, 2013 WL 1953346, *1.

Courts "must examine the expedited discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043, *3 (S.D. Fla. Apr. 7, 2015) (citation omitted). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (citation omitted).

Here, good cause exists for Defendants to conduct expedited discovery regarding the underlying data that Plaintiffs' expert interpreted to reach his conclusions regarding the citizenship of the putative class. Defendants reasonably believe that, under a more reliable and factually defensible interpretation of the data, the percentage of Florida citizens in the putative class is less than one-third. Defendants' expert needs Mr. Sharp's underlying data, however, to meaningfully review and verify or refute Mr. Sharp's analysis and the resulting citizenship

numbers, which Plaintiffs rely upon in their motion for remand. Good cause exists to allow Defendants to serve expedited discovery on these issues before responding to Plaintiffs' motion for remand. Plaintiffs do not oppose Defendants' request to serve expedited discovery with a response deadline of August 15, 2025.

Upon filing this motion, Defendants will immediately serve on Plaintiffs the Requests for Production attached to this motion as **Exhibit A**. These requests are narrowly tailored to discover the records that Mr. Sharp of E-Hounds Inc. relied upon to conduct his citizenship analysis of the putative class. The requested documents are readily available to Plaintiffs. Thus, Plaintiffs will not be burdened in complying with the requested discovery on an expedited basis. Defendants' need for the requested discovery to support their opposition to remand, in consideration of the administration of justice, outweighs any potential prejudice to Plaintiffs. *In re Chiquita Brands Intl., Inc.*, 2015 WL 12601043, *3.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court enter an order (1) granting them an extension through and including September 29, 2025 to file a response to Plaintiffs' motion for remand, (2) granting them leave to serve the discovery requests attached to this motion on an expedited basis and requiring Plaintiffs to respond no later than August 15, 2025, and (3) granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Defendants' counsel conferred with Plaintiffs' counsel by email and telephone on August 6, 2025 regarding the relief request in this motion. Plaintiffs' counsel does not oppose Defendants' request to serve expedited discovery on Plaintiffs with a response deadline of August 15, 2025. Plaintiffs' counsel is opposed in part to Defendants' request for an extension up to and including September 29, 2025 to respond to their motion for remand. Plaintiffs' counsel represented that they do not oppose a fifteen-day extension until September 1, 2025, but they oppose an extension beyond fifteen days.

Dated: August 6, 2025

Respectfully submitted,

/s/ Kevin P. McCoy
Kevin P. McCoy (FBN 36225)
D. Matthew Allen (FBN 866326)
Alicia Whiting Bozich (FBN 88883)
Kai Donner (FBN 1018977)
Mac R. McCoy (FBN 513407)
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL 33607
Phone: 813-223-7000
Fax: 813-229-4133
kmccoy@carltonfields.com
mallen@carltonfields.com
awhiting@carltonfields.com
kdonner@carltonfields.com
mmccoy@carltonfields.com
zishmail@carltonfields.com
bwoolard@carltonfields.com

*Counsel for Defendants*