UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEVE SCHWARZ and BRIAN HEYMANN,**

       **Plaintiffs,**

v.                                **Case No: 6:25-cv-00466-PGB-NWH**

**LENNAR HOMES LLC, LEN-CG SOUTH, LLC, LEN OT HOLDINGS, LLC, and LENNAR CORPORATION,**

       **Defendants.**

_____/

## ORDER

This cause comes before the Court upon Defendants Lennar Homes LLC; LEN-CG South, LLC; LEN OT Holdings, LLC; and Lennar Corporation's (collectively, the "**Defendants**") Motion to Dismiss. (Doc. 32 (the "**Motion**")). Plaintiffs Steve Schwarz and Brian Heymann (collectively, the "**Plaintiffs**") filed a response in opposition. (Doc. 36). Upon consideration, the Motion is due to be granted.

### I.  BACKGROUND

Plaintiffs initiated this purported class action in state court on December 31, 2024. (Doc. 1-1 (the "**Complaint**")). Then, on March 17, 2025, Defendants removed the case to this Court. (Doc. 1). Plaintiffs' Complaint asserts claims for: (1) injunctive relief under Florida's Homeowners' Association Act, (2) violation of

Florida Statute § 720.308, and (3) violation of the Florida Deceptive and Unfair Trade Practices Act. (Doc. 1). In due course, on May 1, 2025, Defendants moved to dismiss the Complaint as an impermissible shotgun pleading. (Doc. 32).[1] Plaintiffs responded in opposition (Doc. 36), and the matter is now ripe for review.

## II.   DISCUSSION

Defendants' sole contention is that Plaintiffs' Complaint is a shotgun pleading and thus, dismissal is warranted. (*See* Doc. 32). Ultimately, the Court agrees.

The Eleventh Circuit has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years. . . ." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft*, 556 U.S. 662 (2009). There are four acknowledged types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a

---

[1] Subsequently, Plaintiffs moved to remand the action back to state court. (Doc. 57). Ultimately, the Court granted Defendants' Amended Motion for Extension of Time to Respond to Motion for Remand and for Expedited Discovery on Plaintiffs' Citizenship Analysis (Doc. 61), allowing Defendants to file their response to Plaintiffs' Motion to Remand on or before September 29, 2025. (Doc. 63).

The Court notes that, normally, the issue of remand implicates the Court's jurisdiction over a matter and thus, is handled prior to a motion to dismiss. However, in the case at bar, the requested remand is discretionary pursuant to 28 U.S.C. § 1332(d)(3). 28 U.S.C. § 1332(d)(3) ("A district court *may*, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." (emphasis added)). Thus, Plaintiffs' request for remand—which is based predominantly on the putative class members' citizenship—will be addressed at a later date when the matter becomes ripe. Conversely, as discussed *infra*, this Order is tailored to pleading deficiencies within the Complaint regarding which claims are brought against which Defendants.

> combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

As Defendants correctly point out, Plaintiffs' Complaint falls within the fourth category of shotgun pleadings. (*See* Doc. 1-1). Plaintiffs' Complaint begins by specifically renaming the Defendants, collectively, as the "Lennar Controlled Entities." (*Id.* at p. 1). Then, Plaintiffs' reference the "Lennar Controlled Entities" throughout much of its introduction. (*Id.*). However, in other parts of the Complaint, Plaintiffs refer to each individual Defendant by name. (*Id.*). Ultimately, Plaintiffs' Complaint proceeds to vaguely reference "the defendants" in each of Plaintiffs' claims for relief—without identifying "which of the [D]efendants the claim is brought against." *See Weiland*, 792 F.3d at 1321–23. Thus, as quintessentially proscribed in *Weiland*, Defendants are left guessing which claim is asserted against which Defendant(s). Consequently, given Plaintiff's failure to specify which Defendant(s) are being referenced throughout, the Court is unable

3

to decipher "which of the [D]efendants are responsible for which acts or omissions." *See id.*

Simply put, Plaintiffs' response to the instant Motion largely presents arguments that are irrelevant to the issue at bar—which is whether Plaintiff's *Complaint*, in *this* action, is a shotgun pleading.[2] (*See* Doc. 36).[3] Repleader is necessary to correct the Complaint's deficiency in asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 32) is **GRANTED.**

2. The Complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

3. On or before **September 4, 2025**, Plaintiffs may file an amended complaint consistent with the directives of this Order and all applicable rules and law. Failure to timely file an amended complaint

---

[2] Pleading further specificity about Defendants and "their web" in a *response* to a motion to dismiss does not suffice to demonstrate that Plaintiffs have filed an adequately pled *Complaint* that clearly identifies which claims for relief are brought against which Defendants. (*See* Doc. 32).

[3] As Plaintiffs highlight, "[t]he fact that [D]efendants are accused collectively does not render the [C]omplaint deficient." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). Such a contention is surely correct. However, here, it simply remains unclear which of "the defendants" are subject to which claim. *See Weiland*, 792 F. 3d at 1321–23; (*see also* Doc. 1-1).

4

may result in the dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 21, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties