**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRIAN HEYMANN and
STEVE SCHWARZ,
individually and on behalf of
others similarly situated,

    Plaintiffs.

vs.

LEN-CG SOUTH, LLC,

    Defendant.
_____/

CLASS REPRESENTATION

CASE NO.: 6:25-cv-00466-PGB-NWH

**AMENDED COMPLAINT**

Plaintiffs, Brian Heymann and Steve Schwarz, individually and on behalf of others similarly situated, sue Defendant, LEN-CG South LLC, and allege:

**Introduction**

1.    "Lennar is recognized as America's leading homebuilder," according to its website www.lennar.com (last visited Aug. 22, 2025).

2.    "The Oasis Club" is an "exclusive resort-style club for registered residents and guests of Lennar's ChampionsGate Community," according to the website www.oasisclubcg.com (last visited Aug. 22, 2025) (cited in *Defendants' Motion to Dismiss* at 3 (Doc. 32)).

3.    Lennar Corporation's subsidiary LEN-CG South, LLC operates under the Lennar brand name and "is the developer of ChampionsGate and the owner of the Oasis Club." (Doc. 32 at 3).

4. ChampionsGate is a "community" governed by the Homeowners' Association Act, chapter 720, Florida Statutes, and created by the "Master Declaration for ChampionsGate" that LEN-CG South, LLC recorded on April 4, 2013, in the Official Records of Osceola County, Florida, Book 4420, Pages 2244–2404, attached hereto as **Exhibit 1** (the "**Master Declaration**").

5. LEN-CG South, LLC included in the community's Master Declaration the "Oasis Club Plan" (Ex. 1 at 83–105) (the "**Club Plan**").

6. The Club Plan requires homeowners in the community to pay assessments for "**Club Membership Fees**" that, by definition, violate the Homeowners' Association Act, specifically section 720.308, Florida Statutes (2025). *Avatar Properties, Inc. v. Gundel*, 372 So. 3d 715, 722 (Fla. 6th DCA 2023) *review denied*, No. SC2023-0946, 2023 WL 7220822 (Fla. Nov. 2, 2023).

7. This is a class action on behalf of those homeowners to: (a) permanently enjoin LEN-CG South, LLC from continuing to collect unlawful assessments for Club Membership Fees; and (b) recover the unlawful assessments for Club Membership Fees that LEN-CG South, LLC has collected.

8. After the court in *Gundel*, 372 So. 3d at 722, held that Club Membership Fees violate section 720.308, Florida Statutes, Lennar began lobbying the Florida Legislature to amend chapter 720 to allow Club Membership Fees. (Doc. 57 at 3, n.1).

9. In the meantime, Lennar subsidiaries like LEN-CG South, LLC have continued to collect unlawful assessments for Club Membership Fees.

## Parties, Jurisdiction, and Venue

10. Plaintiff Brian Heymann is a citizen of Florida and owns a home in the ChampionsGate community.

11. Plaintiff Steve Schwarz is a citizen of Florida and owns a home in the ChampionsGate community.

12. Defendant LEN-CG South, LLC is a Florida limited liability company that is a citizen of Florida. (Doc. 1 at 8).

13. Plaintiffs filed the original complaint (Doc. 1 at 113) in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, and have a pending Motion for Remand. (Doc. 57).

14. Osceola County, Florida, is the proper venue for this action because the causes of action accrued in Osceola County, Florida, and the Club Plan recorded by LEN-CG South, LLC provides that "THE VENUE FOR RESOLUTION OF ANY DISPUTE LIES IN OSCEOLA COUNTY, FLORIDA." (Ex. 1 at 97).

## General Allegations

15. The Club Plan is a "governing document" of the ChampionsGate community under the Homeowners' Association Act, section 720.301(8), Florida Statutes, because LEN-CG South, LLC included the Club Plan in the Master Declaration for the community. (Ex. 1 at 5).

16. The Club Plan requires homeowners to pay Club Dues as a condition of parcel ownership. For example, section 6 of the Club Plan provides that "each Owner

by acceptance of a deed to a Unit shall be deemed to have specifically covenanted and agreed to pay all Club Dues that are set forth herein." (Ex 1 at 89).

17. Failure to pay Club Dues can result in a lien against the parcel under section 9 of the Club Plan. (Ex. 1 at 92).

18. Accordingly, Club Dues are an "assessment" under the Homeowners' Association Act, section 720.301(1), Florida Statutes.

19. Under the Homeowners' Association Act, an "assessment" is subject to the requirements of section 720.308, Florida Statutes, which limits an "assessment" to "a proportional share of expenses."

20. In the ChampionsGate community, the assessments for "Club Dues" that Defendant has collected under the Club Plan violate section 720.308 because the "Club Dues" are not "a proportional share of expenses" but instead include a "Club Membership Fee" that the governing documents, by definition, allow LEN-CG South, LLC to keep. (Ex. 1 at 89).

21. Under section 6 of the Club Plan, Club Dues include "Club Expenses" and the "Club Membership Fee." (Ex. 1 at 89).

22. Section 6.1 of the Club Plan provides that each Owner agrees to pay "its pro rata portion" of the "Club Expenses" and that "[a]ll Owners, other than [LEN-CG South, LLC], shall collectively bear all expenses associated with the Club so that [LEN-CG South, LLC] shall receive the Club Membership Fees without deduction of expenses or charges in respect of the Club." (Ex. 1 at 89).

23. Section 6.2 of the Club Plan requires payment of a Club Membership Fee in a fixed amount set forth in the Club Membership Fee Schedule (Ex. 1 at 105) and provides that the "Club Membership Fee" must be paid "without setoff or deduction" to LEN-CG South, LLC. (Ex. 1 at 89).

24. The Club Membership Fee is a fixed fee that is not a proportional share of expenses and therefore violates section 720.308, Florida Statutes. Accordingly, LEN-CG South, LLC must be permanently enjoined from collecting unlawful assessments for Club Membership Fees and the proposed class is entitled to recover the unlawful assessments for Club Membership Fees that LEN-CG South, LLC has collected.

25. Under section 720.305, Florida Statutes, the prevailing party is entitled to recover reasonable attorney fees and costs in an action to redress alleged failure or refusal to comply with the provisions of the Homeowners' Association Act or the community's governing documents.

26. Section 14.7 of the Club Plan provides for an award of prevailing party attorney fees to LEN-CG South, LLC in an action brought by a Member of the Club (Ex. 1 at 95), which entitles Plaintiffs to a reciprocal claim for attorney fees under section 57.105(7), Florida Statutes (2025).

27. All conditions precedent to the causes of action set forth herein have been met or waived.

## Class Representation Allegations

28.  The proposed class is defined as follows:

All persons who are currently or were previously a mandatory member of the Oasis Club in ChampionsGate and who have paid or been obligated to pay a Club Membership Fee under the Oasis Club Plan.

29.  According to Defendant's records, the proposed class includes more than 5,000 members.

30.  The proposed class is so numerous that joinder of all its members is impractical.

31.  Plaintiffs' claims are typical of the claims of the members of the class because Plaintiffs, like all class members, purchased a home in ChampionsGate, are mandatory members of the Oasis Club, and have thus paid and been obligated to pay a Club Membership Fee under the Oasis Club Plan.

32.  This action poses numerous questions of law and fact that are common to Plaintiffs and the class members, and those common questions predominate over any questions affecting only individual members of the class.

33.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in handling class actions involving, among other things, community associations and consumer rights. As a result, Plaintiffs are adequate representatives of the class and will fairly and adequately protect the interests of the class.

34.  Plaintiffs bring this class action under Florida Rule of Civil Procedure 1.220(b)(2) (or, if this case remains in federal court and is not remanded, Federal Rule

of Civil Procedure 23(b)(2)) because Defendant has acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief concerning the class as a whole appropriate.

35. Plaintiffs also bring this class action under Florida Rule of Civil Procedure 1.220(b)(3) (or, if this case remains in federal court and is not remanded, Federal Rule of Civil Procedure 23(b)(3)) because a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amounts of the claims of each individual member of the class are small relative to the cost and scope of this litigation, and due to the financial resources of Defendant, none of the members of the class could afford to seek legal redress individually for the misconduct alleged in this case. Absent a class action, that misconduct would go unremedied. Further, individual litigation would significantly increase the delay and cost to all parties and would burden the judicial system. There will be no manageability problems with prosecuting this case as a class action.

## Count I
### (Injunctive Relief)

36. Plaintiffs incorporate paragraphs 1 through 35.

37. This is an action by Plaintiffs and the proposed class for injunctive relief to prohibit Defendant from continuing to violate section 720.308, Florida Statutes.

38. Plaintiffs and the proposed class have a clear legal right under section 720.308, Florida Statutes, to prohibit Defendant from imposing and collecting assessments that are not in a proportional share of expenses.

39. Defendant's imposition and collection of assessments for Club Membership Fees under the Club Plan violates section 720.308, Florida Statutes, and is a violation that is continuing in nature.

40. If Plaintiffs or a member of the proposed class refuse to pay an assessment for Club Membership Fees imposed by Defendant under the Club Plan, then Plaintiffs or the proposed class member risk losing their home in the foreclosure of a lien by Defendant to collect the unpaid assessments for Club Membership Fees under the Club Plan.

41. Plaintiffs and the proposed class will suffer irreparable harm for which there is no adequate remedy at law unless Defendant is enjoined from continuing to impose and collect assessments for Club Membership Fees in violation of section 720.308, Florida Statutes.

## Count II
### (Damages)

42. Plaintiffs incorporate paragraphs 1 through 35.

43. This is an action by Plaintiffs and the proposed class for damages against Defendant for violating section 720.308, Florida Statutes.

44. Defendant's imposition and collection of assessments for Club Membership Fees under the Club Plan from Plaintiffs and the proposed class violates section 720.308, Florida Statutes, because the assessments are not in a proportional share of expenses.

45. Defendant's imposition and collection of assessments for Club Membership Fees under the Club Plan in violation of section 720.308, Florida Statutes, has caused damages to Plaintiffs and the proposed class.

46. Plaintiffs and the proposed class are entitled to an award of the damages caused by Defendant's imposition and collection of assessments for Club Membership Fees under the Club Plan in violation of section 720.308, Florida Statutes.

### Request for Relief

WHEREFORE, Plaintiffs, individually and on behalf of all those similarly situated, request:

(a) an order certifying that this action is properly maintainable as a class action under Florida Rule of Civil Procedure 1.220(b)(2) and/or (b)(3) (or, if this case remains in federal court and is not remanded, Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3)), appointing Plaintiffs and the undersigned attorneys to represent the class, and requiring reasonable and adequate notice to be given to prospective members of the class following certification;

(b) under Count I, a permanent injunction prohibiting Defendant from continuing to impose and collect assessments for Club Membership Fees under the Club Plan in violation of section 720.308, Florida Statutes;

(c) under Count II, an award of the damages caused by Defendant's imposition and collection of assessments for Club Membership Fees under the Club Plan in violation of section 720.308, Florida Statutes, and prejudgment interest;

(d) an award of the costs and attorney fees incurred in this action under section 14.7 of the Club Plan and sections 57.041, 57.105(7), and 720.305, Florida Statutes; and

(e) any further relief deemed proper to protect the rights and interests of Plaintiffs and the proposed class.

## Demand for Jury Trial

Plaintiffs, individually and on behalf of all those similarly situated, demand a trial by jury on all issues so triable.

J. Daniel Clark, FBN 0106471
**CLARK ♦ MARTINO, P.A.**
3407 West Kennedy Boulevard
Tampa, FL 33609
813-879-0700
813-879-5498 (Facsimile)
Primary: dclark@clarkmartino.com
Secondary: jliza@clarkmartino.com
*Counsel for Plaintiffs*

John Marc Tamayo, FBN 030910
**CAMPBELL TROHN TAMAYO & ARANDA**
1701 South Florida Avenue
Lakeland, FL 33803
Primary: j.tamayo@cttalaw.com
Secondary: c.velez@cttalaw.com
*Counsel for Plaintiffs*

*/s/ Harold Holder*
J. Carter Andersen, FBN 143626
Bryan D. Hull, FBN 20969
Harold Holder, FBN 118733
Lauren Yevich, FBN 106608
Abigail Tamayo, FBN 1049142
**BUSH ROSS, P.A.**
1801 North Highland Avenue
Tampa, FL 33602
813-224-9255
813-223-9620
Primary: candersen@bushross.com
Primary: bhull@bushross.com
Primary: hholder@bushross.com
Primary: lyevich@bushross.com
Primary: atamayo@bushross.com
Secondary: ksalter@bushross.com
Secondary: hhpld@bushross.com
*Counsel for Plaintiffs*

## Certificate of Service

I certify that on August 29, 2025, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

*/s/ Harold Holder*